UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Betty Ann Newby,<br>    plaintiff, | ◊ |
| vs. | ◊ |
| | ◊   NO. 06-000160 RCL |
| George Bush; Samuel Alito;<br>Michael Hayden; Arlen Specter;<br>Pat Robertson; Dick Cheney; et-al,<br>               defendants. | ◊   JURY DEMANDED<br>◊<br>◊ |

Motion to Enlarge Time to Serve
Process upon the Defendants ₐand Brief

To the Honorable Judge of Said Court:

Betty Ann Newby, plaintiff, files her motion asking the Court to enlarge the time for serving the defendants with process. For cause, she shows the Court as follows:

1. Plaintiff originally filed this suit on January 30, 2006. The 120 day period for effecting service of process was May 2, 2006, pursuant to Rule 4j, FRCP.

2. On March 31, 2006, plaintiff filed her notice of appeal from the court's denial of her motion for a temporary restraining order or an injunction enjoining the United States Senate from proceeding with the confirmation of Samuel Alito as an Associate Justice for the United States Supreme Court contending that the present confirmation procedures violate her Constitutional rights as an unrepresented resident in the District of Columbia. She sought indigent

1.

**RECEIVED**

JUL 3 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

status for prosecuting her appeal; however, she had paid the filing fee for the complaint to be filed.

3. Plaintiff Betty Ann Newby lives in a homeless shelter in the District of Columbia because Big Oil interests and their agents were responsible for her home being bulldozed without the rudiments of Due Process to punish her as a Texas sole practitioner for aggressive litigation involving the forced relocation of the company town of Phillips, Texas due to hazardous chemical exposure by Phillips Petroleum Company. The latter has since merged with Chevron and Conoco, but it with them still operates the largest inland petro-chemical facility in theworld near Borger, Texas where plaintiff lived and practiced law.

4. Since at least 1990, agents for the U.S. government have illegally surveilled and stalked plaintiff, have stolen her properties, have caused her properties to be demolished, and have invaded her solitude and privacy. They continue to surveille her in the District. Plaintiff contends that both Samuel Alito and John Roberts as well as Michael Hayden were all involved in the government's illegal surveillance of her as a favor to Big Oil interests in Texas. She asserts that she as a District resident has been denied the right to participate in the political process involving political appointments, that these Constitutional violations have denied her fundamental rights, and that these violations have tainted the confirmation process, making them void _ab initio_.

2.

5. Plaintiff Betty Ann Newby works as a laborer making a little over the minimum wage. She could not afford to pay for copies of the complaint and motions for equitable relief and the costs of service of process for the defendants. She saved her money to pay for the Alito appeal from overtime work at a local business. Several weeks ago her purse was stolen containing the money she had saved to pay for the photo copies. Two days later her small coin purse was stolen containing proceeds from a laborer check for her services that were intended to pay for the cost of actual service. She has worked overtime regularly to save more money to pay for service of process upon the defendants. Plaintiff asks the court for an enlargement of time to and including June 20, 2006, to effect service.

6. The misfortune was not plaintiff's fault and was not something she could have prevented. She has no other source for money to finance the suit except from her income and her modest Social security check in the amount of approximately $330. Her food and living expenses take most of her money.

7. The defendants will not be harmed by the short delay if the court grants her motion. A number of the defendants have already received a copy of the complaint from plaintiff when she attempted to obtain equitable relief.

8. Plaintiff tried to secure positions of employment in February through April but was unsuccessful. She washes windows when the weather permits; but such work is not steady nor lucrative. She tried to borrow the money to pay for the

costs of service of process but was unsuccessful.

9. Both Rules 4(m) and 6(b) allow the court in the interest of justice to enlarge the 120 day period so that plaintiffs with meritorious causes will not be shut out of court based upon technicalities rather than upon the merits. The court has discretion under either of the above rules to enlarge the time period. <u>See</u>, Bachenski v. Malnati, 11 Fed. 3d 1371 (7th Cir. 1993)(party as the opportunity to show good cause after 120 days in seeking enlargement of the time period pursuant to Rule 6(b)(2), FRCP. Additionally, a 1996 Supreme Court dictum in an opinion by Justice Binsburg supports the view that courts may allow parties to relieve themselves from the consequences of Rule 4(m), FRCP, "even if there is no good cause shown".

> In 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown.'
> <u>Henderson v. U.S.</u>, 517 U.S. 654, 663(1996) (BGinsburg, J., citing Advisory Committee's Note)

The text of Rule 4(m) also seems to authorize the district courts to extend the time period for service even in the absence of good cause because it gives the court the option of dismissing the action if service is not made in 120 days or directing "that service be effected within a specified time."

Additionally, dismissal for failure to effect service within 120 days is pointless because refiling the suit is not barred by the statute of limitations.

Because plaintiff had actually already saved the money to

pay for service of process, she is able to negate any accusations that she did nottake the 120 day requirement seriously. In fact, thelabor work she performs is extremely tiring and she has actually suffered physically and mentally from working so hard at her age to earn the money to finance this litigation. The unexpected loss of her monies to thieves provides the good cause or mitigating circumstances required for enlargement of time to effect service of process. The facts in this case show that there has been no flagrant disregard of the requirements of Rule 4(a), FRCP, or a showing of bad faith. The fact that plaintiff is seeking an enlargement of time to effect service also demonstrates her sincerity in seeking a short enlargement of time to effect service of process. As shown by the above facts, plaintiff was without funds to effect service for most of the 120 day period. Within the 120 day period she worked hard as a laborer at low wages to save enough money to pay for the costs, but the thefts of her monies stole her opportunity to effect service within the 120 day period. Therefore, she has shown at least excusable negligent, impossibility of performance, or a reasonable basis for noncompliance with the rule.

## Conclusion

In the interest of justice, plaintiff Betty Ann Newby asks the court to enlarge the time to effect service of process to and including June 20, 2006. She prays for any

5.

relief to which she is justly entitled.

Plaintiff's declaration is included and incorporated.

Respectfully submitted,
*Betty C Newby*
Betty Ann Newby,
plaintiff
425 2nd St.NW D.C. 20001

### Declaration

My name is Betty Ann Newby. I have personal knowledge of the facts. They are true and correct. I am the plaintiff and am competent to make this Declaration. I make this Declaration under the pains and penalties of perjury on June 30, 2006, in Washington, D.C.

*Betty C Newby*

### Certificate of Service

True copies served upon defendants.

*Betty C Newby*

6.